Yale H. Metzger
Alaska Bar No. 9512082
Law Offices of Yale H. Metzger
101 East 9th Avenue, Suite 7A
Anchorage, Alaska 99501
Telephone (907) 258-4110
Facsimile (907) 277-1894



## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
### THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| TRACY O'REILLY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY, and STATE FARM MUTUAL)<br>AUTOMOBILE INSURANCE COMPANY, )<br>)<br>Defendants. )<br>_____ ) | Case No. 3AN-10-_____ Civil |

### COMPLAINT

COMES NOW the Plaintiff TRACY O'REILLY, through her attorney, the Law Offices of Yale H. Metzger, and alleges the following as her complaint:

### Jurisdictional Allegations

1. At all times relevant herein, the Plaintiff Tracy O'Reilly was a resident of the Third Judicial District, State of Alaska.

2. At all times relevant herein, the Defendant State Farm Fire and Casualty Company and Stat Farm Mutual Automobile Insurance Company were insurance companies which transacted business in Anchorage within the Third Judicial District, State of Alaska.

1

3. The Superior Court has subject matter jurisdiction over the captioned matter pursuant to the provisions of A.S. 22.10.020(g).

## General Allegations

4. On or about July 18, 2003, the Plaintiff purchased and was covered by a policy of insurance number 02-BT-2415-0 known as a personal liability umbrella policy underwritten by the Defendant State Farm Fire and Casualty Company (hereinafter "the umbrella policy") with a limit of $1,000,000.

5. On January 26, 2006 the Plaintiff was insured by an automobile insurance policy which contained underinsured motorist coverage which was underwritten by the Defendant State Farm Mutual Automobile Insurance Company.

6. The umbrella policy underwritten by State Farm Fire and Casualty Company provided automobile uninsured and underinsured motorist coverage with a limit of $1,000,000 when it was purchased.

7. The Plaintiff knew that the umbrella policy provided underinsured and uninsured motorist coverage as a result of a letter received from Michelle Garner of State Farm Mutual Automobile Insurance Company dated September 14, 2006 related to State Farm claim number 02-0486-239 arising from a March 16, 2004 motor vehicle collision.

8. The umbrella policy was renewed from year to year by the Plaintiff without any change to the language of the policy.

2

9. The umbrella policy was in effect on January 26, 2006 when the Plaintiff was injured in a motor vehicle collision caused by an underinsured driver.

10. The language of the umbrella policy that was in effect on March 16, 2004 was the same as the language of the umbrella policy that was in effect when the Plaintiff was involved in a motor vehicle collision on January 26, 2006.

11. In a letter dated January 18, 2008 the Defendant State Farm Mutual Automobile Insurance Company took the position that the Plaintiff's umbrella policy provided no uninsured or underinsured motorist coverage for the Plaintiff's January 26, 2006 motor vehicle collision.

12. In a letter dated February 22, 2008 the Defendant State Farm Mutual Automobile Insurance Company explained the reason it considered that the Plaintiff's umbrella policy did not provide uninsured and underinsured motorist coverage for her January 26, 2006 motor vehicle collision was that "[b]y the time of the January 26, 2006 loss, the case law applying to the PLUP, issued to Ms. O'Reilly, had been replaced by legislation that held that insurers were not required to make UM/UIM offerings on PLUP policies (AS 28.22.121)."

13. The Defendant State Farm Fire and Casualty Company was required by A.S. 21.36.235 to provide certain notice that the coverage of the umbrella policy had been reduced by not providing uninsured and underinsured motorist coverage.

3

14. The Defendant State Farm Fire and Casualty Company never provided the notice that the umbrella policy no longer provided uninsured and underinsured motorist coverage.

15. Tracy O'Reilly never requested a reduction in the amount of uninsured or underinsured motorist insurance coverage she had under her various State Farm insurance policies.

16. Tracy O'Reilly believes that there is underinsured motorist coverage provided by the umbrella policy for the motor vehicle collision on January 26, 2006.

17. There exists an actual and substantial controversy between Tracy O'Reilly and State Farm Fire and Casualty Company and State Farm Fire and Casualty Company for which declaratory relief is necessary.

## COUNT I
### (Declaratory Relief Pursuant to A.S. 22.10.020(g))

18. Paragraphs 1 through 17 are incorporated herein by reference.

19. The Defendant's conduct is subject to the provisions of A.S. 21.36.235.

20. The Defendant failed to provide notice of the change in coverage of the umbrella policy as required by A.S. 21.36.235 at the time of the renewal of the umbrella policy effective July 18, 2005.

21. The Defendant has refused to pay any amount of underinsured motorist coverage under the umbrella policy for damages the Plaintiff sustained in the January 26, 2006 motor vehicle collision.

4

22. The Defendant's failure to provide notice of change in coverage as required by A.S. 21.36.235 entitles the Plaintiff to declaratory relief that the umbrella policy in effect on January 26, 2006 included uninsured and underinsured motorist coverage pursuant to the provisions of A.S. 21.36.235(b).

## COUNT II
### (Breach of Contract)

23. Paragraphs 1 through 24 are incorporated herein by reference.

24. The umbrella insurance policy described above is a contract.

25. The Defendant State Farm Fire and Casualty Company breached the contract.

26. The Plaintiff was harmed by the Defendant's breech of their contract.

27. The Defendant is liable to the Plaintiff for the harm caused by its breech of its contract with the Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that she be awarded the following damages:

1. A declaration that the State Farm Fire and Casualty Company's umbrella insurance policy number 02-BT-2415-0 in effect from July 18, 2005 through July 18, 2006, combined with State Farm Mutual Automobile Insurance Company's automobile insurance policy which included underinsured motorist coverage

provided uninsured and underinsured motorist coverage for the motor vehicle collision in which the Plaintiff was involved on January 26, 2006 with a limit of $1,000,000.

2. Economic damages represented by the difference in the amount of underinsured motorist insurance coverage State Farm Fire and Casualty Company provided and the underinsured economic and noneconomic damages the Plaintiff suffered in the motor vehicle collision on January 26, 2006.

3. General damages in an amount to be proven at trial.

4. Prejudgment interest, post judgment interest, costs and attorney's fees incurred in bringing this action.

5. Any additional relief, including equitable relief, the Court deems appropriate under the circumstances.

DATED this 12TH day of April 2010 at Anchorage, Alaska.

Law Offices of Yale H. Metzger
Attorney for the Plaintiff

By: Yale H. Metzger
Alaska Bar No. 9512082